DA 08-0417

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 147N

IN RE THE MARRIAGE OF
HENRY D. WEBSTER,

        Petitioner and Appellant,

  and

PATRICIA R. WEBSTER,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 04-0556
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jeanne M. Walker; Hagen & Walker, PLLC; Billings, Montana

        For Appellee:

            Paula Saye-Dooper; Saye Law, PLLC; Billings, Montana

Submitted on Briefs:  April 8, 2009

Decided:  April 29, 2009

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Henry D. Webster and Patricia R. Webster were divorced by a final decree of dissolution of marriage entered in June of 2004. The final decree ordered Henry to pay Patricia $750 per month for maintenance.

¶3 Due to changed circumstances, Henry filed a motion to modify the decree by reducing maintenance to $250 per month.

¶4 After a hearing the District Court reduced Henry's maintenance obligation to $375 per month.

¶5 On appeal, Henry argues on the one hand that there is no evidence to support a conclusion that he has a continuing obligation to support his ex-wife. Nontheless, he contends that the District Court should have set the maintenance obligation at $250 per month, as he requested.

¶6 The District Court's order states: "[f]or the reasons stated on the record in open court on July 31, 2008, **IT IS HEREBY ORDERED** that the Decree of Dissolution issued by this Court on the 15th day of June, 2004 shall be modified as to reduce

Petitioner's current maintenance obligation in the amount of $750.00 per month to $375.00 per month effective July 31, 2008."

¶7 Henry seeks to have this matter remanded for the reason that "[t]he District Court's findings concerning modification of the maintenance are not supported by substantial, credible evidence." Further, Henry argues that the District Court acted arbitrarily without employment of conscientious judgment and exceeded the bounds of reason in denying his request to further reduce the maintenance obligation.

¶8 In the absence of specific findings of fact and conclusions of law, this Court is unable to adequately review the District Court's decision to reduce the maintenance award to $375 per month.

¶9 Accordingly, we remand this matter to the District Court for entry of appropriate findings of fact and conclusions of law. The District Court shall forward its findings and conclusions to the Clerk of the Supreme Court for our review.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ JAMES C. NELSON

3